**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Transportation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4.    Defendant U.S. Department of Justice ("Defendant") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On March 24, 2026, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation (FBI), a component of Defendant, seeking access to the following public records:

> All records in any form related to the former FBI Director, Robert Swan Mueller, III, born on August 7, 1944 in New York City, NY, who died on March 20, 2026. Proof of death attached.

The request was submitted via the FBI's online FOIA portal and, accordingly, it was received the same day it was sent.

6.    By letter dated April 7, 2026, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIPA Request No. 1730907-000.

7.    By letter dated June 10, 2026, the FBI advised Plaintiff the requested records would be made available in the FBI's electronic FOIA Library (The Vault) on the FBI's public website.

8.    On June 12, 2026, Plaintiff administratively appealed the FBI's June 10, 2026 determination to the Office of Information Policy (OIP).

9.    By letter dated June 12, 2026, the OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it tracking number A-2026-01669.

10.     Plaintiff has received no further communication from the OIP regarding Plaintiff's administrative appeal.

11.     As of the date of this Complaint, Defendant has failed to produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

12.     Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13.     Defendant is in violation of FOIA.

14.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

15.     Plaintiff has no adequate remedy at law.

16.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's administrative appeal by July 14, 2026, at the latest.  Because Defendant failed to issue a final determination on Plaintiff's appeal within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

3

award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated:  July 21, 2026                                                Respectfully submitted,


                                                                    /s/ James F. Peterson
                                                                    James F. Peterson
                                                                    D.C. Bar No. 450171
                                                                    JUDICIAL WATCH, INC.
                                                                    425 Third Street SW, Suite 800
                                                                    Washington, DC 20024
                                                                    Tel:    (202) 646-5175
                                                                    Email: jpeterson@judicialwatch.org

                                                                    *Attorneys for Plaintiff*